**Edward GARRIS and Joyce Garris, Plaintiffs,**

v.

**PIONEER LIFE INSURANCE COMPANY OF ILLINOIS, a stock company; American Small Business Association, a corporation; National Group Marketing, a corporation; and Errol Robinson, an individual, separately and severally, Defendants.**

Civ. A. No. 91–0110–RV.

United States District Court, S.D. Alabama, S.D.

June 11, 1991.

James H. Frost, Mobile, Ala., Gordon K. Howell, Chatom, Ala., for plaintiffs.

Davis Carr, James W. Lampkin, II, Mobile, Ala., for defendants.

ORDER

VOLLMER, District Judge.

This matter is before the court on defendants' "motion to dismiss" and the brief submitted in support thereof (tabs 3 and 4), and on plaintiffs' brief in opposition thereto (tab 5). Essentially, defendants' request the court to dismiss count two of plaintiffs' complaint for failure to state a claim upon which relief may be granted. After due and proper consideration, the court concludes that defendants' motion is due to be, and hereby is, GRANTED for the reasons that follow.

*Background*

Plaintiffs Edward and Joyce Garris filed a two count complaint in the Circuit

Court for Washington County, Alabama, against defendants Pioneer Life Insurance Company of Illinois, American Small Business Association, National Group Marketing, and Errol Robinson, alleging fraud and a violation of *Alabama Code* § 27–12–6 (the "twisting statute"),[1] in the sale of a group health insurance policy by the defendants to the plaintiffs. Following timely removal of this case to federal court, defendants filed the instant motion to dismiss.

■ In their motion, defendants seek a dismissal of count two of the complaint—in which a violation of the twisting statute is alleged—on the basis that such count fails to state a claim upon which relief may be granted. Specifically, defendants, primarily relying on the Eleventh Circuit Court of Appeals' decisions in *Farlow v. Union Central Life Insurance Co.*, 874 F.2d 791 (11th Cir.1989), and *Mullinex v. Aetna Life & Casualty Insurance Co.*, 912 F.2d 1406 (11th Cir.1990), maintain that the twisting statute does not provide a private cause of action.

Plaintiffs, in contrast, relying on the Alabama Supreme Court's decision in *HealthAmerica v. Menton*, 551 So.2d 235 (Ala. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1166, 107 L.Ed.2d 1069 (1990), which decision intervened between the Eleventh Circuit's decisions in *Farlow* and *Mullinex,* assert that the twisting statute does provide a private cause of action. Plaintiffs further maintain that in a diversity action such as this, the court is required to follow controlling state law decisions. Thus, according to plaintiffs, regardless of the Eleventh Circuit's pronouncements in *Farlow* and *Mullinex,* this court is obligated to follow Alabama Supreme Court precedent and hold herein that the twisting statute does provide a private cause of action.

1. Section 27–12–6, *Alabama Code,* provides as follows:

> No person shall make or issue, or cause to be made or issued, any written or oral statement misrepresenting or making misleading incomplete comparisons as to the terms, conditions, or benefits contained in any policy for the purpose of inducing, or attempting or tending to induce, the policyholder to lapse,

*Discussion*

In the court's opinion, the only definitive pronouncement on the availability of a private cause of action under the twisting statute has come from the Eleventh Circuit Court of Appeals in *Farlow v. Union Central Life Insurance Co.*, 874 F.2d 791 (11th Cir.1989). In *Farlow*, beneficiaries under an employee group health and term life insurance policy brought suit in state court against an insurer and insurance agent, alleging fraudulent misrepresentation, negligence, and a violation of the twisting statute in connection with the sale of an insurance policy to the corporation by which the beneficiaries were employed. *Farlow*, 874 F.2d at 792–93. Following timely removal of the case, the federal district court granted defendant's motion to strike plaintiffs' three state law claims on the basis that those claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and, further, granted plaintiffs leave to amend their complaint to state an ERISA claim. Following the filing by plaintiffs and denial by the court of two motions for reconsideration, the court entered final judgment pursuant to Federal Rule of Civil Procedure 54(b) on its order striking the three state law claims. An appeal ensued. *Id.* at 793.

On appeal, the plaintiffs contended, *inter alia,* that the twisting statute creates a private cause of action and, further, that a cause of action thereunder is protected against ERISA preemption by the ERISA savings clause, 29 U.S.C. § 1144(b)(2)(A),[2] "because the twisting statute regulates insurance." *Id.* at 793. In assessing plaintiffs' contentions, the court expressly declined to consider whether the twisting statute was preempted by ERISA, *id.* at

forfeit, surrender, retain, exchange or convert any insurance policy.

2. Section 1144(b)(2)(A), 29 U.S.C., commonly referred to as the "savings clause," provides as follows: "Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities."

795 n. 2, and, instead, determined that the twisting statute neither expressly nor implicitly provides a private cause of action. *Id.* at 795–96. The court thus held that plaintiffs did not have standing to assert a claim pursuant to the twisting statute, but that the statute provided standing only to the State Commissioner of Insurance.

Contrary to the arguments of plaintiffs herein, the Alabama Supreme Court's decision in *HealthAmerica v. Menton,* 551 So.2d 235 (Ala.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 1166, 107 L.Ed.2d 1069 (1990), is not necessarily inimical to the holding in *Farlow.* In *HealthAmerica,* plaintiff brought suit against a health maintenance organization and its employee to recover damages resulting from misrepresentations made by the employee, which misrepresentations allegedly induced plaintiff to drop the hospital coverage he had under an insured employment benefit plan and to elect, in its stead, coverage offered by the organization. *HealthAmerica,* 551 So.2d at 236–37. As filed, plaintiff's complaint consisted of only one state common law claim. *Id.*

At the close of plaintiff's case and, again, at the close of all of the evidence, defendants moved for a directed verdict on the basis of ERISA preemption. Observing that a claim asserted under the twisting statute might be saved by ERISA's savings clause even if Menton's misrepresentation claim were subject to preemption, the trial court overruled defendants' motions. The trial court then submitted the case to the jury with instructions on Menton's claim for misrepresentation; the instructions, however, made no reference to the twisting statute. After receiving a favorable jury verdict, Menton moved, and was permitted, to amend his complaint, over defendants' objections, "to conform to the evidence, alleging a violation of § 27–12–6, the 'twisting' statute." *Id.* at 237–38. Defendants appealed.

On appeal, defendants challenged, *inter alia,* the trial court's conclusion that plaintiff's misrepresentation claim was not preempted by ERISA and, further, challenged the trial court's action in allowing plaintiff to amend his complaint after final judgment was entered to allege a violation of the twisting statute. *Id.* at 243. After extensively addressing the former contention, the Alabama Supreme Court dismissed the latter contention by stating

> that every element underlying the "twisting" statute is included in the plaintiff's complaint stating a common law cause of action for fraud.... Therefore, the amendment to the complaint alleging violation of § 27–12–6 was redundant, and it could not have prejudiced the defendants in any way.

*Id.* The Supreme Court went on to note that

> if it is assumed for purposes of argument, or if some other court decides that a claim under § 6–5–101 or its common law counterpart is preempted by ... ERISA, then we would hold that a claim under § 27–16–6 [sic] could still be maintained under the saving clause of ERISA as a state law regulating the business of insurance.

In so ruling, the Alabama Supreme Court was not unmindful of the Eleventh Circuit's decision in *Farlow.* Specifically, the court observed:

> We acknowledge that the Eleventh Circuit Court of Appeals has held in [*Farlow*] that the Alabama "twisting" statute does not create a private cause of action and, that if it did, a claim under it would be preempted under ERISA if the employer's conduct giving rise to the claim was not "wholly remote in content" from the benefit plan. Presumably, under this holding, the commissioner of insurance would be preempted from imposing the statutory sanctions against insurance companies that violate § 27–12–1 et seq. We are unconvinced that Congress intended this result.

*Id.* at 244.[3]

This court does not interpret the above language as a conclusive determination by

---

**3.** It appears that the Supreme Court, in fact, over-construed the Eleventh Circuit's holding in

*Farlow.* It is true that the *Farlow* court concluded that the twisting statute does not provide

**338**

the Alabama Supreme Court that the twisting statute *does* provide a private cause of action. Instead, the language, which is *dicta* in light of the Alabama Supreme Court's conclusion that plaintiff's misrepresentation claim was *not* preempted by ERISA, reasonably may be interpreted as a conclusion that the trial court's allowance of an amendment to the complaint following the entry of final judgment was not "prejudicial" to the defendants; in other words, that the amendment constituted harmless error.

The Alabama Supreme Court's further holding that ERISA does not preempt a twisting statute claim, since such a claim would fall within the scope of the ERISA savings clause, does not necessarily portend allowance of a private cause of action under the statute. Instead, when considered in light of the Alabama Supreme Court's rumination over Congressional in-

tent, that holding may be interpreted as an opinion of the Supreme Court that ERISA would not preempt such a claim when and if prosecuted by the State Commissioner of Insurance.[4]

### Conclusion

In the court's opinion, *Farlow* controls the issue presented in this case. The twisting statute does not create a private cause of action and, therefore, plaintiffs' second cause of action is due to be, and hereby is, DISMISSED.

a private cause of action. As noted, however, the *Farlow* court expressly declined to determine whether ERISA would preempt a claim brought pursuant to that statute. *Farlow,* 874 F.2d 795 n. 2.

**4.** Even if, as the *Farlow* court held, the twisting statute does not provide a private cause of action, the State Commissioner of Insurance may be permitted to prosecute such a claim. *Farlow,* 874 F.2d 795–96. It judicially has not been determined, however, whether a claim brought by the Commissioner would be preempted by ERISA or would be "saved" from preemption by the savings clause.

As with the Alabama Supreme Court's decision in *HealthAmerica,* the Eleventh Circuit's decision in *Mullinex v. Aetna Life & Casualty Insurance Co.,* 912 F.2d 1406 (11th Cir.1990), essentially adds nothing to the argument of plaintiffs herein. In *Mullinex,* plaintiffs, beneficiaries of a self-insured employee benefit plan, filed suit in state court against AETNA Life and Casualty Insurance Company, administrator of the benefit plan, "alleging that the failure of [the administrator] to pay plaintiffs' medical benefits for chiropractic services was a breach of contract and a "bad faith" denial of claims in violation of the provisions of Alabama law, Code § 27–1–10." *Mullinex,* 912 F.2d at 1408. (Section 27–1–10 of the Alabama Code requires insurers to cover chiropractic services.) Following removal of the case to federal court, defendant moved for summary judgment on the basis of ERISA preemption. The district court granted defendant's motion.

In so ruling, the court concluded that section 27–1–10, was a law regulating the insurance

industry and, thus, normally would fall within the scope of the ERISA savings clause. The court further held, however, that

while the Alabama statute relating to chiropractic services is a statute regulating the insurance industry, and would not normally be preempted, the ERISA "deemer clause" [that is, the exception to the savings clause exception to the general preemptive language of ERISA] applied so that state law was preempted in this case. 29 U.S.C. § 1144(b)(2)(B). The district court further noted that since the Plan at issue in this case was fully funded by the Walter Company, and was not an insured plan, it was not subject to state regulation....

*Id.* Plaintiffs appealed.

On appeal, the issue before the *Mullinex* panel was "whether the 'deemer clause' of ERISA operates to preempt a non-ERISA cause of action based upon an Alabama statute which regulates insurance when the employee benefit plan at issue is self-insured." *Mullinex,* 912 F.2d at 1408 [footnote omitted]. In discussing that issue, the panel noted that the appellant therein had directed the attention of the court to the *HealthAmerica* decision. *Id.* at 1412–13 n. 7. The *Mullinex* court further noted that the *HealthAmerica* court had held "that the Alabama 'twisting statute' is a law specifically relating to the insurance industry and it, therefore, was 'saved' from preemption." *Id.* In so ruling the court incorrectly stated that the Eleventh Circuit previously had ruled on the preemption question in *Farlow.* Indeed, the court in *Farlow,* expressly declined to consider the issue of preemption with respect to the twisting statute claim.